# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 10-360V
Filed: February 2, 2015
Not for Publication

```
*************************************
YAKETHA BROWN, as Parent and        *
Natural Guardian of M.J.,           *
                                    *
            Petitioner,             *
                                    *
                                    *   Damages decision based on stipulation;
v.                                  *   diphtheria-tetanus-acellular pertussis (DTaP)
                                    *   vaccine; Hepatitis A (Hep A) vaccine;
SECRETARY OF HEALTH                 *   Guillain-Barré Syndrome (GBS)
AND HUMAN SERVICES,                 *
                                    *
            Respondent.             *
                                    *
*************************************
```

F. John Caldwell, Jr., Sarasota, FL, for petitioner.
Ann D. Martin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On February 2, 2015, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that her minor daughter, M.J., suffered Guillain-Barré Syndrome ("GBS") that was caused by M.J.'s April 2, 2009 receipt of diphtheria-tetanus-acellular pertussis ("DTaP") and Hepatitis A ("Hep A") vaccines. Petitioner further alleges that M.J. suffered the residual effects of this injury for more than six months.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

Respondent denies that DTaP and/or Hep A vaccines caused M.J.'s GBS or any other injury. Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. These payments represent reimbursement for all damages that would be available under 42 U.S.C. § 300aa-15(a) (2006). Pursuant to the stipulation, the court awards:

a. a lump sum of **$145,000.00**. The award shall be in the form of a check payable to petitioner as guardian/conservator of M.J.'s estate; and

b. a lump sum of **$130,779.47**, representing full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action WellCare and/or the State of Georgia may have against any individual as a result of any Medicaid payments that WellCare and/or the State of Georgia has made to or on behalf of M.J. from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about May 5, 2009, under Title XIX of the Social Security Act. The award shall be in the form of a check payable jointly to petitioner and

> First Recovery Group LLC
> 26899 Northwestern Hwy.
> Suite 250
> Southfield, MI 48033
> Attn: Bryan Cooley

Petitioner agrees to endorse this payment to First Recovery Group LLC.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 2, 2015                                    s/ Laura D. Millman
                                                              Laura D. Millman
                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| YAKETHA BROWN, as parent and natural guardian of M.J., ) ) ) ) Petitioner, ) ) v. ) ) ) SECRETARY OF HEALTH AND ) HUMAN SERVICES, ) ) Respondent. ) ) | No. 10-360V Special Master Millman ECF |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. On behalf of her minor daughter, M.J., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to M.J.'s receipt of diphtheria-tetanus-acellular pertussis ("DTaP") and/or Hepatitis A ("Hep A") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. M.J. received DTaP and Hep A vaccines on April 2, 2009.

3. The vaccines were administered within the United States.

4. Petitioner alleges that M.J. suffered GBS as result of her DTaP and/or Hep A vaccines. Petitioner further alleges that M.J. experienced the residual effects of her vaccine-related injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of M.J. as a result of her condition.

6. Respondent denies that DTaP and/or Hep A vaccines caused M.J.'s GBS or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $145,000.00 in the form of a check payable to petitioner as guardian/conservator of M.J.'s estate; and

   b. A lump sum of $130,779.47, which amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action WellCare and/or the State of Georgia may have against any individual as a result of any Medicaid payments that WellCare and/or State of Georgia has made to or on behalf of M.J. from the date of her eligibility for benefits through the date of judgment in this case as a result of her alleged vaccine-related injury suffered on or about May 5, 2009, under Title XIX of the Social Security Act, in the form of a check payable jointly to petitioner and

First Recovery Group LLC
26899 Northwestern Hwy.
Suite 250
Southfield, MI 48033
Attn: Bryan Cooley

Petitioner agrees to endorse this payment to First Recovery Group LLC. These payments represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of M.J.'s estate under the laws of the State of Georgia.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of M.J.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of M.J. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of

competent jurisdiction to serve as guardian/conservator of the estate of M.J. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of M.J., on petitioner's own behalf, and on behalf of M.J., her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of M.J. resulting from, or alleged to have resulted from, the DTaP and/or Hep A vaccinations administered on April 2, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about June 10, 2010, in the United States Court of Federal Claims as petition No. 10-360V.

15. If M.J. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP and/or Hep A vaccines caused M.J. to suffer GBS or any other injury.

19.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*/s/ Yaketha Brown*
YAKETHA BROWN

ATTORNEY OF RECORD FOR PETITIONER:

*/s/ F. John Caldwell, Jr.*
F. JOHN CALDWELL, JR.
Maglio, Christopher & Toale, PA
1605 Main Street
Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*/s/ Vincent J. Matanoski*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*/s/ A. Melissa Houston*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*/s/ Ann D. Martin*
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated: 2-2-15

6